UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-CV-00001-GCM

BARBARA V. SPARKS,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

ORDER

**THIS MATTER** comes now before the Court upon Plaintiff Barbara V. Sparks ("Plaintiff's") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, (Doc. No. 10) filed on May 18, 2013, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment, (Doc. No. 13), filed on August 7, 2013. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Administrative Law Judge's ("ALJ's") decision is **AFFIRMED**.

I.     PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") on August 11, 2006 alleging a disability onset date of March 15, 2006. (Tr. 213 & 218) The claim was initially denied on December 11, 2006, and denied again upon reconsideration.

Subsequently, on November 9, 2007, Plaintiff timely filed a written request for an administrative hearing and Administrative Law Judge Peter C. Edison presided over the hearing on April 15, 2009.

On June 29, 2009, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council granted Plaintiff's Request for Review on February 12, 2010, and remanded the case for a new disability hearing. (Tr. 104) A hearing was held before the Honorable Helen O. Evans on July 19, 2011, and Judge Evans issued an unfavorable hearing decision on August 8, 2011. (Tr. 7) The Appeals Council denied Plaintiff's Request for Review by Action dated November 5, 2012. (Tr. 1) The August 8, 2011 ALJ decision thus became the Commissioner's final decision. (Tr. 1-6)

Plaintiff timely filed this action on May 18, 2013, and the parties' motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, quoting *Richardson v. Perales*, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

782 F.2d 1176, 1179 (4th Cir. 1986); 402 U.S. 389, 401 (1971); *See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the Commissioner's final decision. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. *Craig*, 76 F.3d at 589. The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. *Hays*, 907 F.2d at 1456.

### III. DISCUSSION[1]

The question before the ALJ was whether Plaintiff was "disabled," as defined for Social Security purposes, between March 15, 2006, and the date of her decision.[2] On August 8, 2011,

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.
[2] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an "inability to

the ALJ found that Plaintiff was not "disabled" at any time between March 15, 2006, and the date of her decision. (Doc. No. 8-3). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

(20 C.F.R. §§ 404.1520(a)(4)(i-v)). In this case, the ALJ determined that Plaintiff was not disabled under the fifth step in the above evaluation process. (Tr. 21-22). Particularly, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there [were] jobs that exist[ed] in significant numbers in the national economy that the claimant [could] perform." (Tr. 21, Finding 10).

On appeal, Plaintiff makes the following assignment of error: that the ALJ erred in evaluating Plaintiff's residual functional capacity by finding both that she is capable of standing and walking for six hours per day and that she requires the option to alternate sitting and standing at will. (Doc. Nos. 10, 11).

---

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

**1.      The ALJ Did Not Err at Step Five because the RFC Finding is Internally Consistent**

An administrative law judge is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, he or she must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR 96-8p, *available at* 1996 WL 374184, at *2. It is the claimant's burden, however, to establish her RFC by demonstrating how her impairment impacts her functioning. *See* 20 C.F.R. §§ 404.1512(c) & 416.912(c); *see also, e.g., Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); *Plummer v. Astrue*, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Maj. J. Mem. & Rec.) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing *Stormo*), *adopted*, 2012 WL 1858844 (May 22, 2012), *aff'd*, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

Plaintiff does not challenge the factual findings underlying the ALJ's RFC assessment and limits the appeal to whether "[t]he ALJ's RFC assessment contains two mutually exclusive findings," *i.e.*, (1) that Plaintiff "can sit, stand, and walk for six hours in an eight hour workday," and (2) that Plaintiff "would need the option to alternate between sitting and standing at will" (Pl's Mem. 6-7, referring to Tr. 17). *Lee v. Colvin*, No. 5:12-cv-00033, 2013 WL 2650090 at *5, 9 & 11 (W.D.N.C. June 13, 2013) (reciting "mutually exclusive" argument in that case). As the court explained in *Lee*, these findings are not mutually exclusive:

> Simply because the Plaintiff may not sit or stand for six hours *continuously* does not mean that [s]he may not be able to sit or stand for six hours in the *aggregate*, with sit/stand breaks in between. SSR 83-12 [1983 WL 31252 at *4] accounts for such individuals, and allows that "a defined range of work" is available to claimants so afflicted.
5

*Lee*, 2013 WL 2650090 at *5 (emphasis in original). The ALJ proffered a sit/stand hypothetical to the [vocational expert ('VE')], and subsequently relied on credible testimony from the VE to ascertain a 'defined range of work' available to Plaintiff that accounts for this sit/stand limitation. (Tr. 21-22 & 59.) Based on this testimony, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Tr. 21-22, 58-61). For these reasons, and as the court held in *Lee*, the ALJ in the instant case "relied on substantial evidence, as determined by the appropriate legal standard, in concluding that Plaintiff was not disabled." *Lee* at 5; *see also* SSR 83-12, *available at* 1983 WL 31252 at *4 ("In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base.").

Plaintiff relies on the Third Circuit's decision in *Boone v. Barnhart*, 353 F.3d 203 (3d Cir. 2004), for the proposition that a sit/stand option necessarily precludes a finding that substantial work may exist in the national economy. Pl's Mem. 8-9; *see Lee*, 2013 WL 2650090 at *2 (noting that claimant quoted same language from *Boone* that Plaintiff quotes in the instant case). As the court stated in *Lee*, this reliance "is sorely misplaced" because Plaintiff's interpretation of *Boone* "is grossly inaccurate":

> . . . Plaintiff confuses the holding of *Boone* to suggest a false dichotomy: that if a claimant is precluded from working 'most light jobs,' he or she is automatically not able to perform a 'significant number' of jobs that exist in the national economy. Quite simply put, Plaintiff's interpretation is grossly inaccurate. . . In other words, all *Boone* establishes is that a limited range of work, by itself, does not presumptively satisfy the 'significant numbers' standard set forth in the regulations.

6

*Lee*, 2013 WL 2650090 at *3 (emphasis and internal citation omitted); *see also, e.g., Sylvester v. Comm'r of Social Sec.*, No. 10-1012, 2011 WL 470257 at *16 (W.D. Pa. Feb. 4, 2011) (observing that the same court that decided *Boone* subsequently clarified that a claimant who requires a sit/stand option is *not* per se disabled). Additionally, the VE testimony in *Boone* "was hesitant and inconsistent with the *Dictionary of Occupational Titles ('DOT')*," whereas there is no indication of any hesitancy or inconsistency in the instant case. *Boone*, 353 F.3d at 209; *Lee*, 2013 WL 2650090 at *4; *see also, e.g.*, *Hynes v. Barnhart,* No. 04-cv-490SM, 2005 WL 1458747 at *5 (D.N.H. June 15, 2005) (VE testimony concerning jobs available to a person who needed a sit/stand/walk option did not conflict with the *DOT* because the *DOT* does not address that limitation). For these reasons, the ALJ relied on substantial evidence, as determined by the appropriate legal standard, in concluding that Plaintiff was not disabled.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 10) is **DENIED**, the Defendant's Motion for Summary Judgment, (Doc. No. 13) is **GRANTED**, and the ALJ's decision is **AFFIRMED**. The Clerk's Office is directed to **CLOSE THE CASE**.

**IT IS SO ORDERED**.

Signed: April 8, 2014

Graham C. Mullen
United States District Judge

7